UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TINA HE,

                     Plaintiff,

                                                                                                14 Civ. 4091(WFK)(RML)

      vs.                                                                       **AMENDED
                                                                                       COMPLAINT AND
                                                                                       JURY DEMAND**

THE CITY OF NEW YORK, NYPD OFFICER
ROBERT BROWN (tax ID # 945534), NYPD
OFFICER CHARLES LOPARO (shield #20666),
NYPD SERGEANT JOHN EGAN (shield #2568),
NYPD OFFICERS "JOHN/JANE DOES ##2-10,"

                     Defendants.
------------------------------------------------------------X

## PRELIMINARY STATEMENT

     This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth Amendment to the United States Constitution. Plaintiff, a thirty-three year old mother with no criminal record, was deprived of her constitutional rights when New York City Police Officers from the 106th Precinct in Queens intentionally, unlawfully, and unjustifiably arrested, detained and subjected her to excessive force causing her to sustain serious physical and emotional injuries.

## JURISDICTION

    1.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this

Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

## VENUE

2. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) because the claims arose in this district.

## JURY DEMAND

3. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PARTIES

4. Plaintiff Tina He currently and at all times relevant was a resident of the state of New York and a citizen of the United States.

5. NYPD Officer John Brown (tax ID #94534) is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the incident, November 30, 2013, he was assigned to the 106th Precinct in Queens County. Defendant Brown is being sued herein in his individual capacity.

6. NYPD Officer Charles Loparo (shield #20666) is and was at all times relevant herein an officer, employee, and agent of the NYPD. On the date of the incident, November 30, 2013, he was assigned to the 106th precinct within the confines of Queens County. Defendant Loparo is being sued herein in his individual capacity.

7. NYPD Sergeant John Egan (shield #2568) is and was at all times relevant herein a supervisor, sergeant, employee, and agent of the NYPD. On the date of the

incident, November 30, 2013, he was assigned to the 106th precinct within the confines of Queens County. Defendant Egan is being sued herein in his individual capacity.

8. NYPD Officers "John/Jane Does ##2-10," whose actual names and shield numbers plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but who is being sued herein by the fictitious designation "John/Jane Does ## 2-10," were at all times relevant herein officers, employees, and agents of the NYPD. On the date of the incident, November 30, 2013, they were assigned to the 106th precinct within the confines of Queens County. Defendants "John/Jane Does ## 2-10" are being sued herein in their individual capacity.

9. At all times relevant herein, Defendants Brown, Loparo, Egan and "John/Jane Does ## 2-10" ("Individual Defendants") were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

10. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Defendant City of New York assumes the risks incidental to

the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

11. At approximately 10:15 p.m. on November 30, 2013, Defendants Brown and Loparo arrived at 139-09 Cross Bay Boulevard where Ms. He resides with her boyfriend, Damian Butcher, and her three children.

12. Immediately upon their arrival, Defendant Brown approached and spoke to Mr. Butcher and Ms. He with an angry and impatient tone of voice. Mr. Butcher and Ms. He, who had limited command of the English language, tried to explain to Defendants Brown and Loparo that they had an argument and had called the police to help resolve their dispute.

13. Ms. He's three children were spending the night at their grandmother's home and were not present during the couples' argument, nor were they present when the police arrived.

14. As Mr. Butcher and Ms. He were explaining the situation to Defendants Brown and Loparo, Defendant Brown became more and more impatient. Defendant Brown told Ms. He, who was talking to the officers while standing outside her second floor apartment in her pajamas and slippers, that she had no right to exclude Mr. Butcher from the apartment and ordered her to let him back in.

15. Ms. He, who was having difficulty understanding, asked Defendants Brown and Loparo for an explanation.

16. Defendants Brown and Loparo knew that Ms. He had limited command of the English language.

17. Instead of providing an explanation, Defendant Brown suddenly grabbed Ms. He's arm, threw her to the ground, and punched her in the face.

18. Appalled by Defendant Brown's violence toward Ms. He, Mr. Butcher pleaded with them, "Stop, please don't hurt her. I didn't want this."

19. Defendant Brown threatened to arrest Mr. Butcher if he intervened.

20. Defendant Brown then grabbed Ms. He by the throat and pushed her up against the wall -- choking and restricting her breathing until she almost passed out. Brown then forcefully grabbed Ms. He's right arm and twisted her around, grabbed her head by her hair and pushed her, causing her to hit the ground face first. Brown then kneeled on Ms. He's back, handcuffed her arms behind her back, and then pulled her to her feet from the handcuffs, causing severe pain to her shoulders.

21. Defendant Loparo did nothing to intervene, stop or prevent Defendant Brown's unjustified violent attack on and arrest of Ms. He.

22. Defendants Egan and "John/Jane Does ## 2-10" arrived on the scene at some point either during the attack on or arrest of Ms. He. Defendants Egan and "John/Jane Does ## 2-10" did nothing to intervene, stop or prevent Defendant Brown's unjustified violent attack on and arrest of Ms. He.

23. Defendant Egan, being the sergeant and the ranking officer at the scene, authorized Ms. He's arrest despite having no probable cause to arrest her.

24. Ms. He is five feet tall and weighs 120 pounds.

25.   The Individual Defendants brought Ms. He to the 106th precinct where she was placed in a locked cell.

26.   After several hours locked in a cell, Ms. He was taken by ambulance to Queens Hospital Center where she was treated in the emergency department for the injuries she sustained from Defendant Brown's attack.

27.   During transport to and from the hospital, the Individual Defendants had Ms. He shackled by her hands and feet with handcuffs. While at the hospital, she was handcuffed the entire time to the hospital bed.

28.   After being treated at the hospital, Ms. He was taken back to the 106th precinct where she waited in a cell for several more hours before being taken to Central Booking. She was eventually released on her own recognizance from Queens Criminal Court at approximately 10 p.m. on Sunday, December 1, 2014.

29.   Ms. He was charged with obstructing government administration and resisting arrest. Ms. He did not obstruct government administration, nor did she resist arrest. Defendants did not have probable cause to arrest her.

30.   After hiring private counsel and appearing in court three additional times, on April 15, 2014, Ms. He consented to having her case dismissed and sealed at the end of business that day.

31.   The false arrest, false imprisonment, and excessive use of force against Ms. He caused Ms. He to sustain injuries including but not limited to physical and emotional pain and suffering that are ongoing, anxiety, humiliation, loss of liberty, loss of reputation, and medical expenses.

32. As a result of Defendant Brown's violent attack and the failure of Defendants Loparo, Egan, and John/Jane Does ## 2-10 to intervene, stop, or prevent Brown's attack, Ms. He sustained physical injuries, including but not limited, to head and facial trauma, swelling and contusions to her left forehead, left cheek and left eye, pain and limited range of motion to her cervical spine, pain and bruising to her throat, right shoulder pain with limited range of motion, cuts, swelling, and bleeding to her mouth, bruises, cuts and swelling to both knees and right shin, and pain and swelling to her wrists.

## **CLAIMS FOR RELIEF**

## **FIRST CAUSE OF ACTION**
**Violation of Plaintiff's Fourth and Fourteenth Amendment Rights**

30. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

31. Defendants, who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's rights to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

32. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement.

33. Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

## SECOND CAUSE OF ACTION
## 42 U.S.C. § 1983/Fourth Amendment

34. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

35. The use of excessive force by Defendant Brown in grabbing, pushing, throwing, punching, choking, and pulling plaintiff's arms behind her back, was an objectively unreasonable physical seizure of plaintiff in violation of her rights under the Fourth Amendment to the United States Constitution.

36. The failure of Defendants Loparo, Egan and John/Jane Does ## 2-10, who had a duty to intervene, prevent, and stop Defendant Brown from unjustifiably grabbing, pushing, throwing, punching, choking, and pulling plaintiff's arms behind her back, was also objectively unreasonable in violation of her rights under the Fourth Amendment to the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that the Court grant the following relief jointly and severally against Defendants:

1. Compensatory damages in an amount to be determined at trial for the physical and psychological injuries sustained by plaintiff as a result of the events alleged herein.

2. Punitive damages against the Individual Defendants in an amount to be determined at trial.

3. For pre-judgment interest as allowed by law.

4.  An order awarding plaintiff reasonable attorneys' fees, together with the costs of this action.

5.  Such other further relief as the Court may deem appropriate.

Dated: December 8, 2014
New York, New York

ROMANO & KUAN, PLLC

Julia P. Kuan (JK 3822)
100 Lafayette Street, Suite 401
New York, New York 10013
(212) 274-0777

*Attorneys for Plaintiff*

9